```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Civil No. 12-2197(DSD/JJK)
```

Charles DeMoss and Gara Strot,
individually, and on behalf of
all others similarly situated,

       Plaintiffs,

v.                                                   **ORDER**

Peterson, Fram & Bergman, a
Minnesota Professional Association,

       Defendant.

      Michael G. Phillips, Esq. and Phillips Law, PLLC, 1155
      East Grain Exchange Building, 412 South Fourth Street,
      Minneapolis, MN 55415, counsel for plaintiffs.

      Jessica L. Klander, Esq. and Bassford Remele, PA, 33
      South Sixth Street, Suite 3800, Minneapolis, MN 55402,
      counsel for defendant.

This matter is before the court upon the amended motion to dismiss and the motion for sanctions by defendant Peterson, Fram & Bergman (PFB). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss and denies the motion for sanctions.

**BACKGROUND**

This Fair Debt Collection Practices Act (FDCPA) dispute arises out of foreclosure-related communications between PFB and plaintiffs Charles DeMoss and Gara Strot. On November 7, 2011, PFB sent a cover letter and "preforeclosure notice" to plaintiffs

regarding a debt secured by a mortgage on their residence. Am. Compl. ¶¶ 6-7. The subject line of the cover letter reads "Mortgage Foreclosure on 14324 Brunsvold Rd. Minnetonka, MN 55345." Id. Ex. 1. The cover letter states:

> Principal balance of mortgage as of November 7, 2011, is [redacted]. Reinstatement and payoff figures available upon request.
> ***
> Necessary documents have been forwarded to our office to initiate foreclosure due to the default in your mortgage held or serviced by Bank of America, N.A.
>
> Mortgage Electronic Registration Systems, Inc. as nominee for E*Trade Bank is the original creditor for this debt. You have thirty (30) days to dispute the validity of the debt. If you notify me within thirty (30) days that the debt is wholly or partially disputed, I will provide you with verification of the debt. During the verification period, foreclosure proceedings will continue. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid.
> ***
> Unless you have been discharged from the debt pursuant to a bankruptcy, this is an attempt to collect a debt and any information obtained will be used for that purpose. Be advised that the undersigned is a debt collector.[1]

---

[1] The final two paragraphs were written in bolded capital letters. For ease of reading, the court omits this emphasis.

Id. In addition to the cover letter, a preforeclosure notice was attached to the mailing and provided information regarding foreclosure prevention counseling.[2]

On November 6, 2012, plaintiffs filed an amended putative class action complaint, alleging that the cover letter and preforeclosure notice violate the FDCPA. PFB filed an amended motion to dismiss on November 20, 2012. Thereafter, on December 21, 2012, PFB moved for sanctions.

**DISCUSSION**

**I. FDCPA**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above

---

[2] Minnesota law requires that the preforeclosure notice be provided prior to issuance of the notice of pendency in a nonjudicial foreclosure. See Minn. Stat. § 580.021, subdiv. 2.

3

the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

Plaintiffs argue that the cover letter violated the FDCPA because it (1) provided the principal balance of the mortgage rather than the total amount owed and (2) contained false, deceptive and misleading statements. See 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(5). PFB responds that no violation occurred because the correspondence is not subject to the FDCPA.

## A. Foreclosure Activity

The FDCPA applies to activity by debt collectors[3] that is done "in connection with the collection of any debt." See, e.g., 15 U.S.C. §§ 1692e, 1692g. The statute does not define "the

---

[3] There is a split of authority as to whether those who institute foreclosure proceedings are "debt collectors" under the FDCPA. Compare Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (unpublished per curiam) (agreeing that foreclosures "fall[] outside the ambit of the FDCPA," except for one provision not relevant to the present matter), with Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 464 (6th Cir. 2013) ("[W]e hold that mortgage foreclosure is debt collection under the [FDCPA]. Lawyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure."), and Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 378 (4th Cir. 2006) (holding that law firm initiating foreclosure proceedings was potentially liable under FDCPA). The Eighth Circuit has not addressed the issue. See Gray v. Four Oak Court Ass'n, Inc., 580 F. Supp. 2d 883, 887 (D. Minn. 2008). The court need not reach this question, however. For the reasons that follow, even if PFB is a debt collector, the correspondence at issue was not "in connection with the collection of any debt." See, e.g., 15 U.S.C. § 1692e.

collection of any debt." Elsewhere, however, the FDCPA draws a distinction between "the collection of any debts" and "the enforcement of security interests." See 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce ... in any business the principal purpose of which is the collection of any debts .... For the purposes of section 1692(f) ..., such term also includes any person who uses any instrumentality of interstate commerce ... in any business the principal purpose of which is the enforcement of security interests.").

Relying on this distinction, this court has previously held that foreclosure activities do not constitute debt collection under the FDCPA. See Gray v. Four Oak Court Ass'n, Inc., 580 F. Supp. 2d 883, 887 (D. Minn. 2008) ("[L]ien foreclosure activities ... do not constitute debt collection under the FDCPA."); accord Siegel v. Deutsche Bank Nat'l Trust Co., No. 8:08CV517, 2009 WL 3254491, at *4 (D. Neb. Oct. 8, 2009) ("A mortgage foreclosure is not a debt collection activity." (citation omitted)); Barbanti v. Quality Loan Serv. Corp., No. CV-06-0065-EFS, 2007 WL 26775, at *3 (E.D. Wash. Jan. 3, 2007) ("[T]he enforcement of a security interest through a nonjudicial forfeiture does not constitute the collection of a debt for purposes of the FDCPA."); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Ore. 2002) ("[T]he activity of foreclosing on the property ... is not the collection of a debt within the

5

meaning of the FDCPA."). But see Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) ("Defendant's actions surrounding the foreclosure proceedings were attempts to collect [a] debt." (citations omitted)); Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 236 (3d Cir. 2005) (holding that enforcement of a lien is debt collection). The court finds the reasoning of these cases persuasive and holds that mortgage foreclosure activities are not taken "in connection with the collection of any debt" for purposes of the FDCPA. Therefore, correspondence such as that undertaken by PFB is not subject to the FDCPA.

**B. PFB Mailing**

Plaintiffs argue that even if foreclosure activity is outside the scope of the FDCPA, the mailings are not properly characterized as foreclosure activity. Specifically, plaintiffs argue that the correspondence (1) predated any foreclosure activity, as it was explicitly termed a "preforeclosure" notice and failed to state when foreclosure proceedings would commence and (2) included language subjecting PFB to FDCPA regulations. These arguments are unavailing.

The preforeclosure notice is required by state law[4] and is an integral part of the Minnesota foreclosure process. See Minn. Stat. § 580.021, subdiv. 2. As a result, its inclusion is a foreclosure activity outside the scope of the FDCPA. Moreover, the cover letter to the notice did not demand payment, but simply informed the plaintiffs that foreclosure proceedings had been initiated and provided PFB's contact information. Inclusion of such a letter does not convert the correspondence to debt collection activity. See Diaz v. Fla. Default Law Grp., P.L., No. 3:09-cv-524-J-32MCR, 2011 WL 2456049, at *3 (M.D. Fla. Jan. 3, 2011) (finding substantially-similar "Hello Letters" sent before foreclosure proceedings commenced were not debt collection activity under the FDCPA).

Plaintiffs next argue that the language included in the letter makes PFB subject to the FDCPA. Specifically, plaintiffs point to the letter's disclaimer that reads: "This is an attempt to collect a debt." Am. Compl. ¶ 7. As already discussed, however, this communication was not debt collection activity. The fact that PFB "err[ed] on the side of caution and include[d] the FDCPA disclaimers in its communication," without more, does not change

---

[4] Minnesota requires strict compliance with the foreclosure-by-advertisement statute. See Minn. Stat. § 580.02(4) ("To entitle any party to make such foreclosure, it is requisite ... [that] before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021." see also Beecroft v. Deutsche Bank Nat. Trust Co., 798 N.W.2d 78, 83 (Minn. Ct. App. 2011) (noting need for strict compliance).

7

this conclusion. <u>Chomilo v. Shapiro, Nordmeyer & Zielke, LLP</u>, No. 06-3103, 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007). Therefore, the foreclosure-related mailings cannot be characterized as debt collection, and dismissal of the FDCPA claim is warranted.

**II. Sanctions**

PFB moves for sanctions under Rule 11 and 28 U.S.C. § 1927. Rule 11 sanctions may follow when a pleading, written motion or other paper (1) is submitted to the court for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law or (3) if the allegations contained therein lack support. <u>See</u> Fed. R. Civ. P. 11(b)(1)-(3); <u>Clark v. United Parcel Serv., Inc.</u>, 460 F.3d 1004, 1008 (8th Cir. 2006). To satisfy the requirements of Rule 11, an attorney is obligated to conduct a reasonable inquiry into the factual and legal basis for the claim. <u>Coonts v. Potts</u>, 316 F.3d 745, 753 (8th Cir. 2003). In determining whether sanctions are warranted, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." <u>Id.</u> (citations and internal quotation marks omitted).

Similarly, § 1927 allows an award of costs and fees when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In other words, sanctions are

8

authorized under § 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (citations and internal quotation marks omitted). The court strictly construes § 1927, so that it does not "dampen the legitimate zeal of an attorney in representing his client." Id. (citations and internal quotation marks omitted).

As previously discussed, although courts in this district have held that foreclosure-related activities are not subject to the FDCPA, the Eighth Circuit has not addressed the issue. In the absence of binding precedent, plaintiffs' argument that foreclosure activities are subject to the FDCPA is not frivolous and a reasonable attorney could believe in the merits of the argument. Therefore, sanctions - under either Rule 11 or Section 1927 - are not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's amended motion to dismiss [ECF No. 13] is granted.

2. Defendant's motion for sanctions [ECF No. 25] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 6, 2013

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court